1
2
3
4
5
6

Philip H. Stillman, Esq. SBN# 152861
STILLMAN & ASSOCIATES
3015 North Bay Road, Suite B
Miami Beach, Florida 33140
Tel. and Fax:  (888) 235-4279
pstillman@stillmanassociates.com

Attorneys for Defendant HANDLERY HOTELS, INC.

7
8

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15

SAMUEL LOVE,

                    Plaintiff,

v.

HANDLERY HOTELS, INC., a California
Corporation;

                    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:  3:21-cv-00850-TSH

**MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS
COMPLAINT**

Date:              June 17, 2021
Time:             10:00 A.M.
Courtroom:    G, 15th Fl.
                       San Francisco
Courthouse

16

Hon.   Thomas S. Hixson

17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF CONTENTS**

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.    Allegations in the Complaint. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    B.    Evidence Concerning the Accessibility Information on the Hotel's Website. . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    I.    THE COMPLAINT FAILS TO STATE A CLAIM . . . . . . . . . . . . . . . . . . . . 5

        A.    Legal Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        B.    The Website Complies with the Reservations Rule and Therefore
              Plaintiff's ADA Claim Fails as a Matter of Law. . . . . . . . . . . . . . . . . . 8

            1.    The Website Provides More Accessibility Information Than is
                  Required Under the Reservations Rule. . . . . . . . . . . . . . . . . . . . . . 8

            2.    Judicial Decisions Confirm That The Website Provides More
                  Accessibility Information Than is Required Under the
                  Reservations Rule.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

            3.    The Deficiencies Alleged by Plaintiff Have No Merit. . . . . . . . 15

            4.    Although Not Required, The Hotel's Website Contains All Of
                  The Information That Plaintiff Alleges Is Missing. . . . . . . . . . . 18

            5.    A Consent Decree Implementing the Reservations Rule Make
                  Clear that the Website Complies with the Rule. . . . . . . . . . . . . . 20

        C.    Because Plaintiff's ADA Claim Fails as a Matter of Law, the Dependent
              Unruh Act Claim Must Also Be Dismissed. . . . . . . . . . . . . . . . . . . . . 21

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

1

# TABLE OF AUTHORITIES

2

3   *Arroyo v. AJU II Silicon Valley, LLC,* Case No. 20-cv-08218-JSW (N.D.Cal. Mar. 16, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4   *Arroyo v. JWMFE Anaheim, LLC*, Case No. 8:21-cv-00014-CJC-KES (C.D.Cal. Feb. 16, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

5   *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 678 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

6   *Barnes v. Marriott Hotel Servs.*, 2017 U.S. Dist. LEXIS 22588, at *10 (N.D. Cal. Feb. 16, 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 11

7

8   *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

9   *Bouyer v. MB Plaza W. LLC*, 2020 U.S. Dist. LEXIS 208801 (C.D.Cal. Sep. 16, 2020). . 21

10  *Brooke v. Crestline Hotels & Resorts LLC*, 2020 U.S. Dist. LEXIS 34001 (S.D. Cal. February 25, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

11

12  *Citizens for a Better Env't v. Gorsuch*, 718 F.2d 1117, 1126 (D.C. Cir. 1983) . . . . . . . . 21

13  *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) . . . . . . . . . . . . . . . 5

14  *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1518 (9th Cir. 1985) . . . . . . . . . . . . . . . 7

15  *Davis v. HSBC Bank, N.A.,* 691 F.3d 1152, 1160 (9th Cir. 2012) . . . . . . . . . . . . . . . . . . . 5

16  *Fortyune v. City of Lomita*, 766 F.3d 1098, 1104 (9th Cir. 2014) . . . . . . . . . . . . . . . . . . . 9

17  *Garcia v. Chamber Maid, L.P.*, Case 2:20-cv-11699-PA-PD, 2021 U.S. Dist. LEXIS 49411 (C.D. Cal. Mar. 15, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18  *Garcia v. E.L Heritage Inn of Sacramento*, Case No. 2:20-cv-02162 (JAM) (E.D.Cal. Mar. 23, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

19

20  *Garcia v. Gateway Hotel L.P.,* No. CV 20-10752-PA (GJSx), 2021 U.S. Dist. LEXIS 36034 (C.D. Cal. Feb. 25, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

21  *Garcia v. Heritage Inn of Sacramento, LLC*, Case No. 2:20-cv-02191-JAM-AC (E.D.Cal. April 5, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

22

23  *Garcia v. SL&C Ontario, LLC*, Case No. EDCV 21-61 JGB (Kkx) (C.D.Cal. March 26, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

24  *Gorecki v. Dave & Buster's, Inc.*, 2017 U.S. Dist. LEXIS 187208, at *14 (C.D. Cal. Oct. 10, 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

25

26  *In re Palmer*, 207 F.3d 566, 568 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

27  *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

28  *Kohler v. Presidio Int'l, Inc.*, 782 F.3d 1064, 1069 (9th Cir. 2015) . . . . . . . . . . . . . . . . . 9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Lammey v. Spectrum Gateway LLC,* Case 8:21-cv-00104-DOC-KES (C.D.Cal. Mar. 22. 2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Love v. Gates Hotel, Inc.,* No. 20-cv-07191-SI, 2021 U.S. Dist. LEXIS 40113 (N.D. Cal. Mar. 2, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Love v. KSSF Enterprises Inc.*, 20-cv-08535-LB (N.D. Cal. Mar. 18, 2021) . . . . . . . . . . 1

*Love v. Marriott Hotel Servs.,* No. 20-cv-07137-TSH, 2021 U.S. Dist. LEXIS 41081 (N.D. Cal. Mar. 3, 2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Love v. Wildcat Owners Lessee*, Case No. 4:20-cv-08913-DMR (N.D.Cal. April 5, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Metro. Hous. Dev. Corp. v. Vill. of Arlington Heights*, 616 F.2d 1006, 1014 (7th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Pac. Overlander, LLC v. Kauai Overlander*, 2018 U.S. Dist. LEXIS 135567, at *2 (N.D. Cal. Aug. 10, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Perkinsv. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014) . . . . . . . . . . . . . 6

*Rutherford v. Evans Hotels, LLC*, 2020 U.S. Dist. LEXIS 161565 (S.D. Cal. Sep. 3, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Salinas v. Apple Ten SPE, Capistrano*, Case No. 8:20-cv-02379-CJC-DFM (C.D.Cal. February 18, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6

*Shayler v. Greenland Capital LLC*, 2020 U.S. Dist. LEXIS 214087 (C.D. Cal. Sep. 16, 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Sprewell v. Golden State Warriors*, 266 F.3d 979, 990 (9th Cir. 2001) . . . . . . . . . . . . . . 5

*Strojnik v. 1315 Orange LLC*, 2019 U.S. Dist. LEXIS 185481at *2 (S.D. Cal. Oct. 25, 2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Strojnik v. Kapalua Land Co. Ltd.*, 2019 U.S. Dist. LEXIS 165525 (D. Haw. Aug. 26, 2019), *report and recommendation adopted sub nom. Strojnik v. Kapalua Land Co. Ltd.*, 2019 WL 4684450 (D. Haw. Sept. 25, 2019), *aff'd*, 801 F. App'x 531 (9th Cir. 2020) . . . 12

*Strojnik v. Orangewood*, 2020 U.S. Dist. LEXIS 11743 (C.D.Cal. Jan. 22, 2020), *aff'd*, 2020 U.S. App. LEXIS 36062 (9th Cir. Nov. 17, 2020). . . . . . . . . . . . . . . . . . . . . . . . 12

*Strojnik v. Xenia Hotels & Resorts, Inc.*, 2020 WL 3060761 (N.D. Cal. June 9, 2020) . . . 13

*U.S. v. AMC Entm't, Inc.*, 549 F.3d 760, 768-70 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . 17

*U.S. v. Hilton Worldwide Inc.*, No. 10-1924 (D.D.C. Nov. 29, 2010). . . . . . . . . . . . . . . . 20

*U.S. v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. State of Or.*, 913 F.2d 576, 580 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . 21

1

*Whitaker v. 1331 W. Wash.*, 2020 U.S. Dist. LEXIS 121696 (C.D. Cal. Mar. 30, 2020) . . 22

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

This lawsuit is one of at least over 40 filed by Plaintiff Samuel Love ("Plaintiff") since October 2020 claiming that he wanted to stay at X hotel but the accessibility information that he needed (which is the same in every complaint) on the hotels' reservations website was not sufficiently detailed to allow him to make an informed choice, in violation of the regulations promulgated under Title III of the Americans with Disabilities Act ("ADA"), 28 C.F.R. § 36.302(e)(1) (the "Reservations Rule").  *See* Request for Judicial Notice ("RJN"), <u>Ex. 3</u>.[1]  Plaintiff is represented by attorneys at Potter & Handy d/b/a "Center for Disability Access"– a law firm that has filed over 400 identical lawsuits in the past 5 months on behalf of Plaintiff and four other individuals making the same claims.

As discussed below, at least 34 California district courts (including this one) have already concluded that the type of information provided by Handlery Union Square Hotel located at 351 Geary St., San Francisco, California on its reservations website – https://sf.handlery.com/ (the "Website") – fully complies with the ADA.  In fact, nine courts, including this one, have recently dismissed the substantively identical Potter & Handy complaints with prejudice *filed by this plaintiff*, ruling that disclosures equivalent to those at issue in this case "exceed the level of detail proposed by the ADA guidance." *Love v. Marriott Hotel Servs.,* No. 20-cv-07137-TSH, 2021 U.S. Dist. LEXIS 41081 (N.D. Cal. Mar. 3, 2021); *Love v. Wildcat Owners Lessee*, Case No. 4:20-cv-08913-DMR (N.D.Cal. April 5, 2021); *Love v. Ashford San Francisco II LP*, Case No. 20-cv-08458-EMC (N.D. Cal. Apr. 15, 2021). *See also, Garcia v. Gateway Hotel L.P.,* No. CV 20-10752-PA (GJSx), 2021 U.S. Dist. LEXIS 36034 (C.D. Cal. Feb. 25, 2021) (same).[2]

---

[1]  This Court may take judicial notice of the existence of these other lawsuits. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741 n.6 (9th Cir. 2006) (We may take judicial notice of court filings and other matters of public record.").

[2]  Only one case, *Garcia v. Patel & Joshi, LLC*, 5:20-cv-02666-JGB-PVC (C.D.Cal. Mar. 19, 2021), denied a motion to dismiss filed against a Hotel by these serial litigants. *Patel & Joshi* is distinguishable from the decisions cited above and from the instant case

Moreover, commentary from the U.S. Department of Justice ("DOJ") and a Consent Decree entered into by the DOJ in 2010 make clear that the Hotel has provided all the information that is required by the Reservations Rule. As shown in the images of the content displayed under the Website's "Accessible Rooms" tab, and of the accessible room descriptions cited and described in the Complaint, the Website contains far more information about the accessibility features of the Hotel's common facilities and guest rooms than the Reservations Rule requires. Accordingly, the Court should dismiss the Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) without leave to amend.

## STATEMENT OF FACTS

A.    Allegations in the Complaint.

According to the Complaint,  Plaintiff is a paraplegic and uses a wheelchair for mobility.  Compl., ¶ 1.  Defendant owns and operates the Hotel.  *Id.*, ¶ 2.  Plaintiff alleges that he "planned on making a trip in February of 2021" and he chose the Hotel for lodging. *Id.,* ¶¶ 12, 13.  Plaintiff "needs an accessible guestroom when he travels. *Id.*, ¶ 15.  On September 11, 2020, Plaintiff went to the Website, the address of which the Complaint cites to, "to book an accessible room" at the Hotel. *Id.*, ¶ 16. Plaintiff does not allege that the Hotel "has violated any construction-related accessibility standard." *Id.*, ¶ 7. Nor could, he, the Hotel provides ADA compliant accessibility features throughout. Instead, the Complaint is limited to "the lack of information provided on the hotel's reservation website." *Id.*, ¶ 7.

Although the Complaint asserts that the information provided by the Website about the accessibility features offered is "insufficient information," the disclosures on the actual website cited by Plaintiff in his Complaint directly contradict Plaintiff's claims. Compl., ¶

_____

because the Website at issue in that case provided significantly fewer disclosures than are at issue here.  To the contrary, this case stands on all fours with the subsequent decision of the same Court that decided *Patel & Joshi,* in *Garcia v. SL&C Ontario, LLC*, Case No. EDCV 21-61 JGB (Kkx) (C.D.Cal. Mar. 26, 2021), which dismissed a Potter and Handy complaint with prejudice after reviewing the disclosures on the disputed website.

18;  RJN, <u>Exh. 1</u>.  Plaintiff acknowledges that the Website confirms the availability of "accessible" rooms. Compl., ¶ 18. By confirming that those features were "accessible" the Website confirmed that they meet the requirements of the ADA. *Gateway Hotel*, *supra* at *12-13.

B.    <u>Evidence Concerning the Accessibility Information on the Hotel's Website</u>.

Review of the Hotel's actual website reveals extensive detail including the following lengthy list of accessible facilities that Plaintiff ignores in his allegations:

> Accessible rooms are located in the Historic Section and Premier Section. In addition, our Alert Plus Kit is available upon request to all guests needing accessible rooms. This kit includes a loud audio fire buzzer and strobe light, vibrating bed alarm clock, a telephone with amplified headset, and a door knock light.
>
> IN-ROOM ACCESSIBLE FEATURES
>
> - Electric switches and outlets are at a height for total wheelchair accessibility
> - Doors have lever hardware
> - Peepholes are at two different levels
> - Lowered closet rods
> - Push-button nightstand lamps
> - Toilets with seats are at a height for total wheelchair accessibility
> - Bathroom door opening to accommodate a wheelchair
> - Safety bar surrounding shower and toilet
> - Lowered towel bars
> - Accessible sink
> - Roll-in showers with folding seats (some rooms)
> - Shower spray extension (some rooms)
>
> To find out more information on our accessible rooms, please contact our reservations department on 415 781 7800 / 1 800 995 4874 or email us reservation-sf@handlery.com

See RJN, <u>Ex. 1</u>; https://sf.handlery.com/accommodations/accessible-rooms

Additionally, the Website permits users to view a list of accessible room types along with a description of the features available in each such room.

### Accessible Premier Double/Double

Our Accessible Premier Double/Double offers two pillowtop full sized beds with poolside view. This guestroom is beautifully appointed with custom furniture, flat-screen TV, complimentary wireless Internet access, workspace with ergonomic desk chair, coffee brewer, mini refrigerator, electronic laptop safe and multiple USB outlets. Accessible bathroom features a roll-in shower, shower spray extension and grab bars. In addition to our standard in-room amenities, this oversized guestroom features a sitting area, Lather® bath products, lighted make-up mirror, plush bathrobes, electric shoe polishers and complimentary morning newspaper delivery. Maximum occupancy 4 people.

*See* RJN, <u>Ex. 2</u>, showing the room descriptions. Finally, the Website provides contact information for any guest who has additional questions about accommodations or accessibility features: "To find out more information on our accessible rooms, please contact our reservations department on 415 781 7800 /1800 995 4874 or email us reservation-sf@handlery.com." *See* RJN, <u>Ex. 1</u>.

## ARGUMENT

## I.
## THE COMPLAINT FAILS TO STATE A CLAIM

A.   <u>Legal Standard</u>

While "detailed factual allegations" are not required, a complaint must have sufficient allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 668. Also, the Court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint[.]" *Sprewell v. Golden State Warriors*, 266 F.3d 979, 990 (9th Cir. 2001) (internal quotation marks and citation omitted).

When ruling on a Rule 12(b)(6) motion to dismiss, a court may, without converting the motion to one for summary judgment, consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice[.]" *U.S. v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). On a Rule 12 motion, "courts may take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Davis v. HSBC Bank, N.A.,* 691 F.3d 1152, 1160 (9th Cir. 2012) (internal citation and quotation marks omitted); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Thus, in *Daniels-Hall*, the Ninth Circuit considered, on a Rule 12 (b)(6) motion, "information posted on certain … web pages that Plaintiffs referenced in the Complaint" where the complaint directly referred to the material posted on those web pages. *Id.*

Courts may also take judicial notice of "publicly accessible websites[.]" *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)(holding that a screen shot was properly the subject of judicial notice and noting that judicial notice of the context of webpages is appropriate); *Pac. Overlander, LLC v. Kauai Overlander*, 2018 U.S. Dist. LEXIS 135567, at *2 (N.D. Cal. Aug. 10, 2018) ("[A]s a general matter, websites and their contents may be proper subjects for judicial notice."). *Barnes v. Marriott Hotel Servs.*, 2017 U.S. Dist. LEXIS 22588, at *10 (N.D. Cal. Feb. 16, 2017)(taking judicial notice of pages of Marriott's website in website accessibility claim brought by "Center for Disability Access"); *Arroyo v. JWMFE Anaheim, LLC*, Case No. 8:21-cv-00014-CJC-KES (C.D.Cal. February 16, 2021) (taking judicial notice of Marriott web pages); *Salinas v. Apple Ten SPE, Capistrano*, Case No. 8:20-cv-02379-CJC-DFM (C.D.Cal. February 18, 2021)(same); *Love v. Marriott Hotel Services, Inc., supra* at *6-9 (same); *Gateway Hotel*, *supra* at * 8 (same); *KSSF, supra; AJU II, supra.*

Therefore, just as in *Love v. Marriott Hotel Servs.*, *supra*, this Court may take judicial notice of, and consider, RJN Exhibits 1 and 2. Exhibit 1 contains a true and accurate copy of the publicly accessible webpage users encounter when they navigate to the Website, including the "Accessible Amenities" tab, which is cited and discussed in the Complaint. *See* Compl., ¶ 17. Likewise, Exhibit 2 contains a true and accurate copy of the accessible room descriptions, which are publicly available on the Website, to which the Complaint refers. *See id.* The content of these cited parts of the Website forms the entire basis for this lawsuit. *See* Compl., ¶ 7  ("This is a lawsuit . . .about the lack of information provided on the [H]otel's reservation website . . . .").  Because the Website and pages contained in Exhibits 1 and 2 are expressly cited and relied upon in the Complaint and form the basis for Plaintiff's claims, they are the proper subjects of judicial notice. Accordingly, this Court may consider these documents in evaluating the instant motion. *See Daniels-Hall*, 629 F.3d at 998 (courts may consider referenced document that is "central to the plaintiff's claim").

B.    The Website Complies with the Reservations Rule and Therefore Plaintiff's ADA Claim Fails as a Matter of Law.

The sole basis for Plaintiff's ADA claim is the Reservations Rule. *See* Compl., ¶¶ 30-33. Specifically, Plaintiff asserts that Defendant failed to "ensure that it identified and described accessible features in the hotels [*sic*] and guest rooms in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs . . . ." *Id.*, ¶ 33.

1. **The Website Provides More Accessibility Information Than is Required Under the Reservations Rule.**

Per 28 C.F.R. § 36.302(e)(1)(ii), a hotel must:

Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs.

In an Appendix to the regulations, the DOJ provided the following commentary to this rule:

*The Department recognizes that a reservations system is not intended to be an accessibility survey.* However, specific information *concerning accessibility features* is essential to travelers with disabilities. Because of the wide variations in the level of accessibility that travelers will encounter, the Department cannot specify what information must be included in every instance. For hotels that were built in compliance with the 1991 Standards, *it may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the general type of room (e.g., deluxe executive suite), the size and number of beds (e.g., two queen beds), the type of accessible bathing facility (e.g., roll-in shower), and communications features available in the room (e.g., alarms and visual notification devices).* Based on that information, many individuals with disabilities will be comfortable making reservations.

For older hotels with limited accessibility features, information about the hotel should include, at a minimum, information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms. . . .

**[O]nce reservations are made** … many individuals with disabilities **may wish to contact the hotel or reservations service for more detailed information**. At that point, trained staff (including staff located on-site at the hotel and staff located off-site at a reservations center) should be available to provide *additional information such as the specific layout of the room and bathroom, shower design, grab-bar locations, and other amenities available (e.g., bathtub bench)*.

*See* 28 C.F.R. Pt. 36, App. A, "Title III Regulations 2010 Guidance and Section-by-Section Analysis" (the "2010 Guidance") (emphasis added); *see also, Nondiscrimination on the Basis of Disability by Public Accommodations and in Commercial Facilities*, 75 FR 56,236, 56,274 (Sept. 15, 2010) (to be codified at 28 C.F.R. pt. 36).

-6-

The DOJ's explanation of the Reservations Rule sets forth four key principles: (1) "a reservations system is not intended to be an accessibility survey"; (2) "it may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the general type of room (*e.g.*, deluxe executive suite), the size and number of beds (*e.g.*, two queen beds), the type of accessible bathing facility (*e.g.*, roll-in shower), and communications features available in the room (*e.g.*, alarms and visual notification devices)"; (3) "[f]or older hotels with limited accessibility features, information about the hotel should include, at a minimum, information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms"; (4) if a guest needs additional accessibility information, he should contact the hotel. *Marriott Hotel Services, supra* at *13-14; *see KSSF, supra* at *8-10.

Thus, the 2010 Guidance makes clear that the very type of information that Plaintiff claims must be included on a hotel's website about a hotel's accessible features – "such as the specific layout of the room and bathroom, shower design, grab-bar locations, and other amenities available (*e.g.*, bathtub bench)" — can be provided "once reservations are made" and do not have to be provided on the reservations website. *Id.*; *Gateway Hotel*, *supra* at *15-16; *Marriott Hotel Services, supra* at *19-20; *KSSF, supra* at *6.

As a construction of the Reservations Rule, the DOJ's commentary is entitled to substantial deference. *Kohler v. Presidio Int'l, Inc.*, 782 F.3d 1064, 1069 (9th Cir. 2015) (DOJ's guidance interpreting requirements of the ADA is "entitled to substantial deference"); *Fortyune v. City of Lomita*, 766 F.3d 1098, 1104 (9th Cir. 2014) ("The DOJ's interpretation of its ADA implementing regulations is entitled to controlling weight unless it is plainly erroneous or inconsistent with the regulation.") (internal quotation marks and citations omitted). The Website provides more information about the Hotel's accessibility than the Reservations Rule, as construed by the 2010 Guidance, requires. As set forth previously, the Website confirms that the Hotel provides "accessible" guest rooms. *See* RJN, Ex. 2. The website indicates that the routes of travel to the common areas of the Hotel and to the accessible guestrooms are accessible. *See* RJN, Ex. 1.

-7-

Plaintiff's assertion that the Website left him "essentially ignorant" about the Hotel's accessibility, Compl., ¶ 26, is flatly contradicted by the Website he incorporated by reference into the complaint that provides all the information he claims to be seeking. The Website provides more information about the Hotel's accessibility than the Reservations Rule, as construed by the 2010 Guidance, requires.  As set forth previously, the Website confirms that the Hotel provides "accessible" guest rooms. *See* RJN, Ex. 2.

Equivalent website disclosures were held to "sufficiently meet the requirements of the ADA" by multiple cases, such as *JWMFE*, *supra* (granting 12(b)(6) motion with prejudice). *See also, Apple Ten SPE Capistrano, LLC, supra* (dismissing case with prejudice based on Marriott disclosures and including a screenshot of website accessibility disclosures similar to the disclosures at issue here); *Marriott Hotel Services, supra* at *19 (holding that similar disclosures satisfied Reservations Rule); *AJU II*, *supra; KSSF, supra*. Likewise, the website disclosures provided by here are even more substantial than the disclosures recently found sufficient under the ADA in *Gateway Hotel, L.P. supra*.  In fact, in *Gateway Hotel*, the court rejected the plaintiff's claim that the exact information listed in the Compl., ¶ 22 was *required by the Reservation Rule*. *Id.* at *14 ("Plaintiff's interpretation of what is needed for him to determine whether he can use the room is not the law.").

Furthermore, the DOJ has specifically approved of alternatives to listing information on websites, stating that "covered entities with inaccessible Web sites may comply with the ADA's requirement for access by providing an accessible alternative, such as a staffed telephone line, for individuals to access the information, goods, and services of their Web site." Nondiscrimination on the Basis of Disability, 75 Fed. Reg. at 43466.  *Gorecki v. Dave & Buster's, Inc.*, 2017 U.S. Dist. LEXIS 187208, at *14 (C.D. Cal. Oct. 10, 2017); *see also, Apple Ten SPE Capistrano, quoting* https://www.ada.gov/websites2.htm ("An agency with an inaccessible website may also meet its legal obligations by providing an alternative accessible way for citizens to use the programs or services, such as a staffed telephone information line."). As discussed above, the Hotel's website invites guests to call with any questions.  RJN, Ex. 1. This was specifically held to be sufficient by in *Gateway Hotel,*

*L.P.*, *supra*; *Garcia v. Chamber Maid, L.P., supra*; *Marriott Hotel Services; AJU II, supra* at \*5.

As one court held on this exact issue, "the DOJ acknowledges that 'individuals with disabilities may wish to contact the hotel or reservations service for more detailed information. . . *if a website was required to have all relevant information, individuals would not need to call the hotel to get further information*." *Strojnik v. Orangewood LLC*, 2020 U.S. Dist. LEXIS 11743, at \*20-21 (C.D. Cal. Jan. 22, 2020), *aff'd*, 2020 U.S. App. LEXIS 36062 (9th Cir. Nov. 17, 2020) (emphasis added).

2.   **Judicial Decisions Confirm That The Website Provides More Accessibility Information Than is Required Under the Reservations Rule.**

The overwhelming authority establishes the sufficiency of Defendant's website.

In *Love v. Marriott Hotel Servs.*, No. 20-cv-07137-TSH, 2021 U.S. Dist. LEXIS 41081 (N.D. Cal. Mar. 3, 2021), this Court reviewed a Hotel website with accessibility disclosures comparable to those at issue in this case and concluded that they "exceed the level of detail proposed by the ADA guidance." See *Marriott Hotel Servs.*, 2021 U.S. Dist. LEXIS 41081 at \*9.  In addition, this Court noted that a website invitation to contact the Hotel for additional details about accessibility features, as the Hotel website at issue in this case does, satisfies the requirements of the Reservation Rule. Id. At \*11.

In *Barnes v. Marriott Hotel Servs., Inc.*, 2017 U.S. Dist. LEXIS 22588 (N.D. Cal. Feb. 16, 2017) where the plaintiff was also represented by the Center for Disability Access, the court granted summary judgment to the defendant on the plaintiff's claim that the hotel's reservation system violated the Reservations Rule. *See Barnes*, 2017 U.S. Dist. LEXIS 22588, at \*9-10. In *Barnes*, the court observed — after taking judicial notice of pages from the hotel's website — that the website provided the following accessibility information: (1) the width of the opening for accessible guestrooms; (2) a list of the areas of the hotel that were accessible; and, (3) descriptions of accessible room features of individual room types: "[t]his room type offers mobility accessible rooms[;] [t]his room type offers accessible rooms with roll in showers[.]" *Barnes*, at \*10 (internal quotation

1    marks omitted; alterations in original). The court concluded that, under the DOJ's guidance

2    construing the Reservations Rule, "this level of detail" was "appropriate and acceptable."

3         Other district courts in California and this Circuit have also made clear that a plaintiff

4    cannot state a claim under the Reservations Rule with conclusory assertions that the

5    information provided was insufficient, and that the Reservations Rule is not intended to be

6    an accessibility survey. In *Strojnik v. Kapalua Land Co. Ltd.*, 2019 U.S. Dist. LEXIS

7    165525 (D. Haw. Aug. 26, 2019), *report and recommendation adopted sub nom. Strojnik v.*

8    *Kapalua Land Co. Ltd.*, 2019 WL 4684450 (D. Haw. Sept. 25, 2019), *aff'd*, 801 F. App'x

9    531 (9th Cir. 2020), the plaintiff sought to amend his complaint in order to assert a claim

10   that a reservations website did not "identify and describe mobility-related accessibility

11   features and guest rooms [of the hotel] with enough detail to reasonably permit [the

12   plaintiff] to independently assess whether the Property met his accessibility needs."

13   *Kapalua*, 2019 WL 4685412, at *2. The court denied the proposed amendment as futile,

14   finding that such conclusory allegations failed "to plead factual content that allows the

15   Court to draw the reasonable inference that" the plaintiff's rights under the ADA were

16   violated. Id. at *7. Critically, the court observed that there was "[no] legal authority

17   providing that failure to detail all accessible and inaccessible elements of a public

18   accommodation results in an ADA violation." *Id.*

19        In *Strojnik v. Orangewood*, 2020 U.S. Dist. LEXIS 11743 (C.D.Cal. Jan. 22, 2020),

20   *aff'd*, 2020 U.S. App. LEXIS 36062 (9th Cir. Nov. 17, 2020) the court rejected another serial

21   ADA litigant's claim that the website contained insufficient information.  "A website need

22   not list its compliance or non-compliance with every ADAAG provision to satisfy 28

23   C.F.R. § 36.302(e)(ii)." *Orangewood*, 2020 U.S. Dist. LEXIS 11743, at *20-22.  The 2010

24   DOJ ADAAG Guidance on this provision "recognizes that a reservations system is not

25   intended to be an accessibility survey," and "[b]ecause of the wide variations in the level of

26   accessibility that travelers will encounter . . . it may be sufficient to specify that the hotel is

27   accessible" and to provide basic facts about each accessible room.  *Id.* citing 28 C.F.R. § Pt.

28   36, App. A.  Further, the DOJ acknowledges that "individuals with disabilities may wish to

     contact the hotel or reservations service for more detailed information." *Id.* "This provides

further support that websites need not include all potentially relevant accessibility information; if a website was required to have all relevant information, individuals would not need to call the hotel to get further information." *Orangewood*, 2020 U.S. Dist. LEXIS 11743 at \*20-22. *Orangewood*, is dispositive of Plaintiff's ADA claim.

Next, in *Strojnik v. Xenia Hotels & Resorts, Inc.*, 2020 U.S. Dist. LEXIS 101797 at \*3 (N.D. Cal. June 9, 2020), the court granted the defendant's motion to dismiss the plaintiff's claim under the Reservations Rule for failure to state a claim. In *Xenia*, the plaintiff's own allegations — just like those in the Comlaint — "demonstrate[d] that [the hotel] website in fact described some accessibility features, such as accessible hotel areas and room features." *Id.* (emphasis omitted). Moreover, the court observed, "it is not clear that the ADA requires [the hotel] to list its compliance or noncompliance with each and every ADA-mandated feature." *Id.* (citing *Barnes, supra* at \*9-\*10).

In *Rutherford v. Evans Hotels, LLC*, 2020 U.S. Dist. LEXIS 161565 (S.D. Cal. Sep. 3, 2020), yet another court in this Circuit rejected the contention, in the context of assessing Article III standing, that the Reservations Rule requires whatever accessibility information a plaintiff desires. The court in *Rutherford* specifically rejected the contention Plaintiff advances here, *viz.*, that the use of descriptions such as "accessible" to describe facilities is conclusory, calling this contention "dubious." *Rutherford*, 2020 U.S. Dist. LEXIS 161565, at \*16. As the *Rutherford* court explained, "[t]he Department of Justice's own guidance concerning [the Reservations Rule] recognizes that, for hotels that were built in compliance with the 1991 Standards, it may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the general type of room (e.g., deluxe executive suite), the size and number of beds (*e.g.*, two queen beds), the type of accessible bathing facility (e.g., roll-in shower), and communications features available in the room … ." *Id.* (quoting 2010 Guidance) (internal quotation marks omitted).

As the *Rutherford* court emphasized in concluding that the plaintiff had failed to establish an Article III injury-in-fact under the Reservations Rule, the fact that a plaintiff may be interested in particular accessibility details or information does not mean that the Reservations Rule requires such information: "[J]ust because [the plaintiff] would like

-11-

additional detail does not mean he is entitled to it under [the Reservations Rule]." *Id.* at *17 (citing *Barnes*, *supra* at *9-*10).  *See also, Strojnik v. 1315 Orange LLC*, 2019 U.S. Dist. LEXIS 185481at *2 (S.D. Cal. Oct. 25, 2019) (Plaintiff "does not cite any authority suggesting a hotel has an obligation to describe to the public the physical layout of its rooms in exhaustive detail without being asked").

Apart from the above cases, there is the current avalanche of new cases rejecting the exact detail that Plaintiff is again alleging is required here. For example, in *Arroyo v. JWMFE Anaheim, LLC*, Case No. 8:21-cv-00014-CJC-KES (C.D.Cal. Feb. 16, 2021) and *Salinas v. Apple Ten SPE, Capistrano*, Case No. 8:20-cv-02379-CJC-DFM (C.D.Cal. Feb. 18, 2021), the Court ruled that the disclosures similar to those at issue in this case "more than satisfies Defendant's obligation under § 36.302(e)(ii)."  The Court granted both motions to dismiss with prejudice, holding that the Court could not "contemplate how Plaintiff could cure the deficiencies in his Complaint when the undisputed information on Expedia's and Defendant's websites ***more than satisfy the ADA's requirements***." *Id.* (Emphasis added). *See also*, *Love v. Marriott Hotel Services, supra* at *19 ("Marriott's website includes a level of detail well beyond what was deemed to be sufficient in these cases")*; E.L. Heritage Inn*, *supra.*

Finally, in *Gateway Hotel, L.P.*, *Garcia v. Chamber Maid, LP, Wildcat Owners Lessee,* and *Ashford San Francisco II LP,* four of  Potter & Handy's cookie-cutter cases involving very similar disclosures to those at issue here, the courts concluded that disclosures comparable to or even less extensive than are present in this case did not violate the Reservations Rule, dismissing the cases without leave to amend.  In fact, in *Gateway Hotel* (which was adopted in full from the bench in *E.L. Heritage Inn*) the court rejected the plaintiff's claim that the exact information listed in the Compl., ¶ 22 was *required by the Reservation Rule*. *Id.* at *14 ("Plaintiff's interpretation of what is needed for him to determine whether he can use the room is not the law.").

### 3.  **The Deficiencies Alleged by Plaintiff Have No Merit**.

Plaintiff contends that the Website's description of these certain features as "accessible" is insufficient. Compl., ¶ 18.  Not so. The DOJ regulations make clear that to

be "accessible" means to comply with either the 1991 or 2010 ADA Standards for
Accessible Design. 28 C.F.R. § 36.406(c). *See Rutherford*, 2020 WL 5257868, at *16. The
term "accessible" is therefore a legal term of art under the ADA and its regulations.
*Gateway*, at *12 ("Defendant's use of the term "accessible" is not merely conclusory, it
means that the features in the hotel defined by Defendant as "accessible" comply with the
ADAAG"). *See also*, *Wildcat Owners Lessee*, *supra* (holding that repeating requirements
of the 2010 ADAAG is unnecessary).

Thus, when a hotel states that an element or space is "accessible" to persons with
disabilities, it means that the element or space complies with the accessibility standards set
by the ADA. *Gateway Hotel, supra* at *14 (holding that "accessible" adequately describes
compliance with ADAAG on a website). Identifying a space or element as "accessible"
makes sense, because it would be nearly impossible for a hotel to provide data on every
aspect of an element or space that makes it accessible on a hotel reservations website. The
requirements for an accessible parking space, for example, fill three pages of the 2010 ADA
Standards of Accessible Design. See 28 C.F.R. Part 36, Subpart D (2011) and 36 C.F.R.
Part 1191, Appendices Part D (2009) ("2010 Standards"), § 502.6.

The DOJ clearly did not intend for a hotel to provide that level of detail, because it
stated in its commentary to the Reservations Rule that it would be entirely lawful to simply
state that an entire hotel is "accessible." *See* 2010 Guidance, 28 C.F.R. Pt. 36, App. A ("For
hotels that were built in compliance with the 1991 Standards, it may be sufficient to specify
that the hotel is accessible."). Here, Defendant has provided more detail by specifically
identifying the common areas of the hotel that are accessible, even though it could have just
stated that the entire hotel is "accessible," as suggested by the DOJ. *See* RJN, <u>Ex. 1</u>.

Plaintiff identifies a subset of the ADA design guidelines he wants to see included in
the Website's room description including design specifications related to toilets, vanities,
and showers, among others. Compl., ¶ 22. Nothing in the 2010 Guidance requires a hotel's
reservations system to specifically identify these elements. To the contrary, the 2010
Guidance, and the cases discussed above, have made clear that "*a reservations system is not
intended to be an accessibility survey*." 28 C.F.R. Pt. 36, App. A (emphasis added);

*Orangewood, supra.* Indeed, in the 2010 Guidance, the DOJ made clear that the type of detailed information demanded by Plaintiff is information that a hotel can provide after the reservation is made in response to a guest request. To reiterate, the DOJ stated:

> *[O]nce reservations are made … many individuals with disabilities may wish to contact the hotel or reservations service for more detailed information*. At that point, trained staff (including staff located on-site at the hotel and staff located off-site at a reservations center) should be available *to provide additional information such as the specific layout of the room and bathroom, shower design, grab-bar locations, and other amenities available (e.g., bathtub bench)*.

2010 Guidance, 28 C.F.R. Pt. 36, App. A (emphasis added). *Gateway Hotel, supra* at *15-16.

The complexity associated with reporting detailed accessibility information for an accessible room illuminates why the DOJ stated in its commentary that:

> [f]or hotels that were built in compliance with the 1991 Standards, it may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the general type of room (e.g., deluxe executive suite), the size and number of beds (e.g., two queen beds), the type of accessible bathing facility (e.g., roll-in shower), and communications features available in the room (e.g., alarms and visual notification devices). Based on that information, many individuals with disabilities will be comfortable making reservations.

2010 Guidance, 28 C.F.R. Pt. 36, App. A.

Plaintiff's argument that the Reservations Rule should be interpreted to require detailed information about the accessibility features that he claims to be important must also be rejected because crediting it would, as practical matter, impose an obligation on hotels to report on every single accessibility requirement applicable to each hotel — requirements which fill over 250 pages. *See generally* 2010 ADAAG. *Gateway Hotel, L.P.*, *supra* at *14-15.

For while Plaintiff is interested in, among other things, the amount of clearance around the bed and the height of the toilet, another plaintiff may want to know about other equally important accessibility features in a room, such as: the maneuvering space at the entry door; threshold heights; the clear transfer space around the toilet; the type of faucet control at the sink; or, the heights of the entry door lock, in-room safe, light switches, thermostats, and closet and drapery rods. *See, e.g.*, 2010 Standards, §§ 404.2.4 (maneuvering space), 404.2.5 (thresholds), 604.3 (toilet clearance), 606.4 (faucet controls),

-14-

205, 225, 308, 309, Advisory 806.2 (governing, inter alia, reach ranges for operable parts in accessible rooms, and reach ranges for clothes rods, hooks, and drawers in places of lodging). In other words, interpreting the Reservations Rule to require the Hotel to include Plaintiff's detailed list of information on the Website would, as a practical matter, be a mandate that Defendant must address every 2010 Standards requirement applicable to its Hotel. *Every* court to consider the requirements of the Reservations Rule as applied to Websites with information comparable to the Hotel at issue here has concluded that it cannot be interpreted in this fashion. *See Barnes*, 2017 U.S. Dist. LEXIS 22588, at *9-*10; *Kapalua*, 2019 U.S. Dist. LEXIS 165525, at *7; *Orangewood, supra*; *Rutherford*, 2020 U.S. Dist. LEXIS 161565, at *16-*17; *JWMFE*, *supra; Apple Ten SPE Capistrano, supra,; Gateway Hotel, L.P.*, *supra* at *15-16.

Furthermore, imposing liability on Defendant for failing to provide accessibility information on its Website that neither the 2010 Guidance nor the Reservations Rule specifies would violate principles of due process. *See U.S. v. AMC Entm't, Inc.*, 549 F.3d 760, 768-70 (9th Cir. 2008). In *AMC*, the Ninth Circuit reversed an injunction requiring the movie theatre chain to relocate its accessible seats in theatres built before the DOJ clearly set forth its interpretation of an ambiguous regulation about where those seats should be placed. *Id.* at 770 ("[t]he requirement of fair notice precludes the district court from requiring retrofitting of theaters built before the government announced its interpretation"). The court observed that "[t]he due process clause . . . guarantees individuals the right to fair notice of whether their conduct is prohibited by law." Id. (internal quotation marks and citation omitted). In this case, the DOJ has never stated that hotels must provide the type of detailed information that Plaintiff demands, and it would be a violation of due process to hold Defendant liable for not reporting this information. Indeed, the DOJ has said — both in the 2010 Guidance and the *Hilton* Consent Decree (*see infra* at Section I(C)(5)) — that the type of information provided by Defendant meets the requirements of the Reservations Rule. Thus, this court should adhere to the 2010 Guidance in construing the Reservations Rule to avoid violating due process principles. *See Pinnock v. Int'l House of Pancakes Franchisee*, 844 F. Supp. 574, 581 (S.D. Cal. 1993) ("Administrative regulations and

-15-

interpretations may provide sufficient clarification for statutes that might otherwise be deemed vague.")(citing cases).

### 4. Although Not Required, The Hotel's Website Contains All Of The Information That Plaintiff Alleges Is Missing.

The Hotel's Website is a fully accessible website that not only provides extensive accessibility information, but also invites potential guests to contact the Hotel for any further information about the accessibility features they might require.

Plaintiff's form complaint, used by his counsel in dozens of cases, ignores that the Website provides the information Plaintiff alleges it should. Plaintiff claims he needs to know "if he can get in" to "the room and the bathroom," and whether "his wheelchair can pull up next to the bed," Compl., ¶ 22, but ignores the Website confirms "oversized rooms" See RJN, Ex. 1 and "Bathroom door opening to accommodate a wheelchair."See RJN, Ex. 1. Plaintiff wonders "what type of shower" is provided, and whether there are "grab bars mounted on the walls," "an in-shower seat" and a "detachable hand-held shower wand," Compl., ¶ 22, but the Website speaks to those specific design details confirming that "Safety bar surrounding shower," "Roll-in showers with folding seats," and "Shower spray extension." See RJN, Ex. 1. Plaintiff seeks confirmation that "he can transfer to and use the toilet,"  Compl., ¶ 22, but overlooks website statements that the bathroom provides "Toilets with seats are at a height for total wheelchair accessibility," and "Safety bar surrounding ... toilet." See RJN, Ex. 1.  Plaintiff asks if he "can use the sink from his wheelchair," Compl., ¶ 22, apparently without having reviewed the Website's statements confirming an "Accessible sink." See RJN, Ex. 1. Equivalent disclosures were sufficient in *Marriott Hotel Services*, *supra* at *14-16 ("The Court finds Marriott provides accessible features descriptions that exceed the level of detail proposed by the ADA guidance.").

Plaintiff concedes that it is not reasonable to demand that every hotel website to specifically address the many specific measurements for each of the thousands of requirements imposed by the ADA's uniform national design standards.  Compl., ¶ 24. Nonetheless, Plaintiff cherry picks a subset of those ADA standards that he has determined must be repeated, with discrete and specific measurements, "actual data, not conclusions,"

in his words.  Compl., ¶ 24.  Absent such specificity about the design details of accessibility features, Plaintiff protests he cannot confirm whether the Hotel provides ADA-compliant facilities that will meet his needs. Compl., ¶ 23. But that is manifestly untrue.  As noted above, the hotel confirms that its accessible rooms are ADA "accessible." RJN, Ex. 1. Each of the detailed measurements Plaintiff claims must be listed on the Hotel website, in turn, merely repeat the ADAAG sections those features must meet to be defined "accessible" in the Hotel and all other public accommodations built or remodeled to modern standards, *see Wildcat Owners Lessee, supra*, including:

Doors:
- 4.13.5 "Doorways shall have a minimum clear opening of 32 in (815 mm) with the door open 90 degrees;"

Bed Clearance:
- 9.2.2(1) "Accessible sleeping rooms shall have a 36 in (915 mm) clear width maneuvering space located along both sides of a bed;"

Toilet Seat Height:
- 4.16.3 Providing guidance for "toilet seats 18 in (455 mm) high;"
- 4.20.4 Grab Bars. "Grab bars complying with 4.26 shall be provided;"

Sink Clearance:
- 4.24.3 "Knee clearance that is at least 27 in (685 mm) high, 30 in (760 mm) wide, and 19 in (485 mm) deep shall be provided underneath sinks."

Shower Design:
- 4.21.3 Seat. "A seat shall be provided in shower stalls;"
- 4.21.4 "Grab bars ... shall be provided;"
- 4.21.6 "A shower spray unit ... that can be used ... as a hand-held shower shall be provided;" and
- 4.21.5 Controls. Requiring "Faucets and other controls complying with 4.27.4 [which in turn requires controls to be no more than 48 inch high]."

See 28 C.F.R. Part 36, App. A (1994).

Like all hotels of any size built or remodeled after 1991, the Hotel complies with the detailed requirements of the ADA and its implementing regulations.  Plaintiff does not contend otherwise. Compl., ¶ 7. Those same nationally uniform standards governed the design of every other post-1991 place of public accommodation Plaintiff has entered.  And in every such building, an "accessible" doorway, entrance, toilet, shower, desk, bed, grab bar or countertop has been designated "accessible" precisely because it satisfied the

applicable ADAAG. For that reason, DOJ guidance notes that "[f]or hotels that were built in compliance with the 1991 Standards, it may be sufficient to specify that the hotel is accessible" and generally describe the room type, type of bathing facility and communications features available. *See* 28 C.F.R. Pt. 36, App. A; *Gateway Hotel, L.P.*, *supra* at *11-12. The Website provides all the information that is required.

### 5. A Consent Decree Implementing the Reservations Rule Make Clear that the Website Complies with the Rule.

The DOJ's enforcement position in litigation about the Reservations Rule further reinforces the sufficiency of the Website's information. *See* RJN, Ex. 4 (Consent Decree in *U.S. v. Hilton Worldwide Inc.*, No. 10-1924, ECF No. 5 (D.D.C. Nov. 29, 2010) (hereinafter the "Hilton Consent Decree"). In the *Hilton* Litigation, the DOJ alleged, *inter alia*, that the Defendant's online reservations system did not "accurately reflect the inventory of accessible types of rooms and amenities available at each property[.]" *Hilton* Consent Decree, ¶ 8(c). The consent decree was entered to resolve the DOJ's ADA enforcement action involving a "system of more than 2,800 hotels throughout the United States . . . ." *Id.*, ¶ 1 (emphasis added). Under the *Hilton* Consent Decree, filed and approved just two months after the DOJ promulgated the Reservations Rule and 2010 Guidance thereto, the defendant entity was obligated to ensure that its reservations system:

> [I]dentify by room type which rooms are accessible, and for each such room type, which of the following accessibility or other features it has:
> (i)     Number of beds
> (ii)    Size of bed(s)
> (iii)   Roll-in shower or accessible tub
> (iv)    Visual alarms
> (v)     Executive level
> (vi)    Suite
> (vii)   Kitchen/kitchenette
> (viii)  View, if a particular hotel charges more for a room based on the view.

*Hilton* Consent Decree, ¶ 25(a)(i)-(viii). RJN, Exh. 4.

In other words, the DOJ required, in the Hilton Consent Decree, the same guestroom accessibility information enumerated in its 2010 Guidance (and all of which is present, as applicable, on the Website in the instant case). Compare Hilton Consent Decree, ¶25(a)(i)-(viii) with 28 C.F.R. Pt. 36, App. A ("it may be sufficient . . . for each accessible room, to describe the general type of room (*e.g.*, deluxe executive suite), the size and

number of beds (*e.g.*, two queen beds), the type of accessible bathing facility (*e.g.*, roll-in shower), and communications features available in the room (*e.g.*, alarms and visual notification devices")). Moreover, the court's approval of the Hilton Consent Decree reflects a judicial determination that the requirements imposed were "fair, adequate, reasonable, and appropriate under the particular facts[.]" *Citizens for a Better Env't v. Gorsuch*, 718 F.2d 1117, 1126 (D.C. Cir. 1983) (quoting *Metro. Hous. Dev. Corp. v. Vill. of Arlington Heights*, 616 F.2d 1006, 1014 (7th Cir. 1980)); *accord United States v. State of Or.*, 913 F.2d 576, 580 (9th Cir. 1990) (internal citations omitted).

Viewed against this regulatory backdrop and case law, and in light of the foregoing consent decree entered to resolve similar claims involving the reservations systems of major national hotel groups, the Website easily complies with the Reservations Rule.

C.   <u>Because Plaintiff's ADA Claim Fails as a Matter of Law, the Dependent Unruh Act Claim Must Also Be Dismissed.</u>

Plaintiff's ADA claim is based solely on an alleged violation of the ADA, pursuant to Civil Code 51(f). Absent a viable ADA claim, the dependent Unruh Act claim therefore must also be dismissed. *See Cullen v. Netflix, Inc.*, 600 F. App'x 508, 509 (9th Cir. 2015).

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant Defendant's motion to dismiss Plaintiff's Complaint. Since no amount of pleading by this serial litigant can alter the fact that Defendant's website fully complies with the ADA, the dismissal should be with prejudice without leave to amend.

Respectfully Submitted,

STILLMAN & ASSOCIATES

Dated: May 7, 2021                By: _____
                                 Philip H. Stillman, Esq.
                                 Attorneys for Defendant
                                 HANDLERY HOTELS, INC.

-19-

**PROOF OF SERVICE**

I, the undersigned, certify under penalty of perjury that on May 8, 2021 or as soon as possible thereafter, copies of the foregoing Motion to Dismiss, Memorandum of Points and Authorities, Request for Judicial Notice and Proposed Order was served electronically by ECF.

By: */s/ Philip H. Stillman*
HANDLERY HOTELS, INC.

-20-